**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JESSE ROBIDOUX; REGINA ROBIDOUX;
LORENA LINGENFELTER; RANDALL
REICHENBERG, JR., Minor, by and
through the guardian ad litem
Regina Robidoux guardian and
litem Regina Robidoux; SHAUN
JOHNSON; HANNAH BURK, Minor, by
and through the guardian as litem
Lorena Lingenfelter guardian ad
litem Lorena Lingenfelter;
MICHAEL R. BURK, Minor, by and
through the guardian as litem
Lorena Lingenfelter guardian ad
litem Lorena Lingefelter,
        *Plaintiffs-Appellants,*

       v.

BRIAN ROSENGREN; WACKER FAMILY
TRUST; CHRISTINE WACKER, Doing
business as Villa Serrano
Apartments; EILEEN WACKER;
WAYNE WACKER; C&D INVESTMENT
PROPERTIES DBA VILLA SERRANO
APARTMENTS,
        *Defendants-Appellees.*

No. 09-16674

D.C. No.
2:06-cv-02334-
LKK-DAD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted
November 5, 2010—San Francisco, California

4287

Filed March 30, 2011

Before: John T. Noonan, Richard A. Paez, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

---

**COUNSEL**

Stuart E. Fagan, Law Offices of Stuart E. Fagan, San Diego, California, for the plaintiffs-appellants.

---

**OPINION**

BEA, Circuit Judge:

This case calls upon us to determine the proper scope of review for a district court considering whether a proposed settlement of housing discrimination claims involving minor plaintiffs is fair and reasonable. Plaintiffs-Appellants—including minors and their guardians *ad litem*[1]—appeal the district court's denial, in part, of their motion to approve a proposed settlement of Plaintiffs' housing discrimination claims against their former landlords, Wayne and Eileen Wacker ("Defendants"). The district court, exercising its special duty to protect the interests of litigants who are minors, rejected the settlement, as proposed, because the district court found the designation of 56% of the total settlement value to Plaintiffs' counsel "excessive" and unreasonable. *Robidoux v.*

---

[1]Plaintiffs consist of two families and an independent adult plaintiff: parents Jesse and Regina Robidoux, and their children Randy and Jesse Jr.; parent Lorena Lingenfelter, and her children Michael and Hannah Burk; and adult Shaun Johnson.

*Wacker Family Trust*, 2009 WL 1531785, at \*5-6 (E.D. Cal. May 29, 2009). The district court then reduced Plaintiffs' counsel's award from $135,000.00 to $77,166.42 in fees and $8,500.73 in costs and approved the modified settlement. *Id.* at \*6.

We reverse. Although the district court has a special duty to safeguard the interests of minor plaintiffs, that duty requires only that the district court determine whether the *net amount* distributed to each minor plaintiff in the proposed settlement is fair and reasonable, without regard to the proportion of the total settlement value designated for adult co-Plaintiffs and contracted by them with Plaintiffs' counsel. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as proposed.[2]

## Background

Plaintiffs were residents of the Villa Serrano Apartments in Carmichael, CA, which were owned and operated by Defendants. In addition to living in the Villa Serrano Apartments, Plaintiff Johnson also was a part-time resident property manager for the apartment complex. In 2006, Plaintiffs brought suit in federal district court against Defendants for alleged violations of the federal Fair Housing Act, the California Fair Housing and Employment Act, and state tort law. Specifically, Plaintiffs alleged that, between December 2004 and September 2005, Defendants engaged in a consistent practice of discrimination against families with children, including: arbitrary eviction of families with children; circulation of a written order telling tenants not to let their children play outside in the common area or ride bicycles, and that allowing

---

[2]Our holding is limited to cases involving the settlement of a minor's federal claims. We do not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims.

their children to do so would lead to eviction; constant verbal harassment and threats to the children and parents; and further arbitrary action such as falsely reporting Plaintiffs' cars as illegally parked so they would be towed and refusing to accept timely rent payments from families.

At the time of the alleged discriminatory treatment, minor Randy Robidoux was five years old, and his ability to play outside in the apartment complex was affected by Defendants' actions. Minor Jesse Robidoux Jr. was less than one-year old at the time and was too young to play outside. At the time, minor Hannah Burk was three years old and was allowed to play outside on occasion, while minor Michael Burk was less than one-year old and did not play outside.

In their complaint, Plaintiffs sought declaratory and injunctive relief; compensatory, punitive, and treble damages; and attorney's fees. Although none of the Plaintiffs required any medical or psychiatric treatment for the injuries they sustained, or showed any signs of ongoing stress, they claimed to have suffered:

> [L]oss of important housing opportunities, violation of their civil rights, deprivation of full use and enjoyment of their tenancy, wrongful eviction, and severe emotional distress and physical injury, humiliation and mental anguish, including bodily injury such as stomach aches; head aches; sleep loss and sleeping too much; appetite loss; feelings of depression, discouragement, anger, and nervousness; and reliving the experience; and other special and general damages according to proof.

Complaint at 16. Plaintiffs' claim for punitive damages was based on Defendants' alleged intentional or reckless violation of Plaintiffs' civil rights. No specific special damages were alleged.

In 2008, Plaintiffs filed a motion for summary judgment, but prior to resolution of the motion, the parties filed a notice of settlement and moved for the district court's approval of the compromise. Under the proposed settlement agreement, Defendants agreed to pay Plaintiffs a total of $240,000 in damages, attorney's fees, and costs, to be allocated as follows:

- $135,000 to Plaintiffs' Counsel Stuart Fagan (56.2%)

- $35,000 to Robidoux Family (14.6%)
  -$2,500 to minor Jesse Robidoux Jr.
  -$10,833.33 to minor Randy Robidoux
  -$10,833.33 to adult Regina Robidoux
  -$10,833.33 to adult Jesse Robidoux

- $35,000 to Lingenfelter Family (14.6%)
  -$2,500 to minor Michael Burk
  -$10,833.34 to minor Hannah Burk
  -$21,666.66 to adult Lorena Lingenfelter

- $35,000 to adult Shaun Johnson (14.6%)

Exercising its special duty to determine the fairness of a settlement of minors' claims, the district court granted in part and denied in part Plaintiffs' motion to approve the settlement. Most importantly for purposes of this appeal, the district court held that "an attorney's fees award of 56 percent of the total settlement amount [was] excessive and [did not] represent a fair compromise of the minors' claims." *Robidoux*, WL 1531785 at *6. Instead, the court found that it was "equitable" to award Plaintiffs' counsel only one-third of the net settlement value, after costs. This amounted to an award of $77,166.42—plus $8,500.73 in costs—instead of the $135,000.00 provided in the proposed settlement. With this modification of attorney's fees, the district court approved the settlement.

To determine the fairness of the settlement of the minors' claims, the district court applied state law. *Id.* at \*4. In particular, the district court looked to the local rules of several California courts and concluded that "attorneys are typically awarded a maximum of 25 percent of the total settlement award of a minor's claim, less costs, unless there are extraordinary circumstances warranting a greater award." *Id.* at \*5. The district court then found that Plaintiffs' counsel's performance was not sufficiently "extraordinary" to merit recovery of 56% of the total settlement.

Plaintiffs' timely appealed the partial denial of the settlement on the ground the district court applied the wrong legal standard in finding the attorney's fees were excessive.[3]

### Standard of Review and Jurisdiction

This court reviews a district court's decision to approve or reject a proposed settlement for abuse of discretion. *See In re Heritage Bond Litigation*, 546 F.3d 667, 675 (9th Cir. 2008).

> [W]hen we review for abuse of discretion . . . we first look to whether the trial court identified and applied the correct legal rule to the relief requested. Second, we look to whether the trial court's resolution of the motion resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.

*United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). This court has jurisdiction to review a district court's denial of a motion to approve a settlement pursuant to 28 U.S.C. § 1291.

---

[3]Because both Plaintiffs and Defendants approved of the proposed settlement, no appellee brief was filed, nor did an adverse party appear at oral argument to defend the district court's ruling.

**Analysis**

**[1]** District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian *ad litem*— or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

**[2]** But this court has not provided district courts with specific guidance on how to conduct this independent inquiry, nor dictated whether district courts should consult state law in making such determinations. In the district courts in this Circuit, the typical practice has been to apply state law and local rules governing the award of attorney's fees, as the district court did here. *See, e.g.*, *Alvarado v. United States*, 2010 WL 5418863 (E.D. Cal. Dec. 23, 2010)*; Hernandez v. Sutter Med. Ctr. of Santa Rosa*, 2009 WL 1138713 (N.D. Cal. Apr. 27, 2009); *Deja Marie J. v. San Francisco Unified Sch. Dist.*, 2006 WL 2348884 (N.D. Cal. Aug. 11, 2006).

**[3]** However, this approach places undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement. Inconsistency can be avoided if district courts limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in

the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases. Most importantly, the district court should evaluate the fairness of each minor plaintiff 's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard. *See Dacanay*, 573 F.3d at 1078 (holding that it is "well settled in the usual litigation context that courts have inherent power summarily to enforce a settlement agreement" where the parties are not a protected class of litigants such as minors or class-action plaintiffs). So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties.

[4] Here, the district court abused its discretion by performing an overly broad review of the proposed settlement and considering factors and state court rules outside the narrow scope of the district court's review. Most importantly, the district court erred in rejecting the settlement on the basis that the provision of 56% of the total settlement value for attorney's fees was "excessive," and thus the settlement was not "fair and reasonable" to the minor plaintiffs. However, as explained above, the district court's special duty to protect minor plaintiffs requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel.

[5] In other words, in this context, the fairness determination is an independent, not a comparative, inquiry. Thus, the district court erred when it focused on the admittedly large proportion of the total settlement value going to Plaintiffs' counsel, instead of reviewing the fairness of each minor's net recovery in isolation. We therefore reverse and remand for the district court to consider, in the first instance, whether the pro-

posed net recovery of *each* of the four minor plaintiffs (as shown *supra*) is fair and reasonable in light of the facts of the case, each minor's claims, and typical recovery by minor plaintiffs in similar cases. If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs and attorney's fees.

## Conclusion

**[6]** For the foregoing reasons, we reverse the district court's partial denial of the parties' motion to approve the proposed settlement. We remand with instructions for the district court to determine whether the net recovery of the four minor plaintiffs under the proposed settlement is fair and reasonable as to each minor plaintiff.

**REVERSED AND REMANDED.**