**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BREANNA WALKER, Guardian Ad Litem for N.W., <br><br>               Plaintiff-Appellant, <br><br> and <br><br> RUSSELL WILKERSON; A. M., Guardian Ad Litem Marla Miles; A. R., Guardian Ad Litem Marla Miles; N. W., Guardian Ad Litem Breanna Walker; A. B., Guardian Ad Litem Marla Miles; MARLA MILES, Guardian Ad Litem for A.M., A.R., A.M., & A.B.; A. M., Guardian Ad Litem Marla Miles, <br><br>               Plaintiffs, <br><br>   v. <br><br> CITY OF RIVERSIDE; J. D. FLOYD, Officer; DAVID R. REEVES, Officer; RIVERSIDE POLICE DEPARTMENT; RUSS LEACH, Chief of Police; DOES, 1 to 10; CHARETTE, Sgt.; KENDALL BANKS, Sgt.; SUTTON, RPD Ofc; SMITH, Det. 444; ROWE`, Det. 605; JIM SIMONS, <br><br>               Defendants-Appellees. | No.   19-56175 <br><br> D.C. No. 5:10-cv-01954-VAP-OP <br><br> MEMORANDUM[*] |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted June 8, 2021[**]
Pasadena, California

Before: MURGUIA and BADE, Circuit Judges, and MOLLOY,[***] District Judge.

This appeal arises out of a lawsuit alleging civil rights violations under 42 U.S.C. § 1983, and the settlement of the claims of minor Plaintiffs N.W. and A.B. Plaintiffs Breanna Walker, guardian ad litem for N.W., and Marla Miles, guardian ad litem for A.B. ("Plaintiffs"), appeal the district court's September 3, 2019 order denying Plaintiffs' motion for reconsideration and for clarification, denying Plaintiffs' renewed application for approval of the settlement of the minor Plaintiffs' claims, and dismissing A.B.'s and N.W.'s claims with prejudice.[1] We

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

[1] The notice of appeal does not comply with Rule 3(c) of the Federal Rules of Appellate procedure because it does not "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." *See* Fed. R. App. P. 3(c)(1)(A). Instead, the caption lists only "Russel Wilkerson et al.," and the body of the notice states only that "Guardian Ad Litem Breanna Walker, PLAINTIFF hereby appeals" the "9/3/19 Denial of Recon Motion Doc 91" and "App for Minors Compromise Doc 91." However, these defects in the notice of appeal are not fatal because we conclude the intent to appeal on behalf of Plaintiffs A.B. and N.W is clear from the notice, which appeals the district court's September 3, 2019 order denying the approval of the settlement of A.B.'s and

have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

The district court imposed monetary sanctions against Plaintiffs' counsel on the ground that she acted in bad faith by failing to comply with the legal procedures to settle the minors' claims and by waiting seven years to file an application for approval of the settlement of those claims. The district court directed Plaintiffs' counsel to deposit $3,000 with the Court's Registry to be held in "two separate interest-bearing blocked accounts in the amount of $1,500 each" for minor Plaintiffs A.B. and N.W. Plaintiffs filed a motion for reconsideration of that order, which the district court denied.

We review the denial of a motion for reconsideration for an abuse of discretion. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). "A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

1.  In their motion for reconsideration and clarification, Plaintiffs argued that the sanctions order relieved Defendant City of Riverside of its obligations under the settlement agreement. Plaintiffs asked the court to clarify whether its order

---

N.W.'s claims and dismissing their claims with prejudice. *See Becker v. Montgomery*, 532 U.S. 757, 766 (2001); Fed. R. App. P. 3(c)(4). Moreover, while not dispositive on the issue of jurisdiction, the opening brief repeatedly refers to minor Plaintiffs N.W. and A.B. and their respective guardians ad litem, Walker and Miles.

effectively "disallowed" the settlement agreement and, if so, set the matter for trial on A.B.'s and N.W.'s claims. Alternatively, Plaintiffs asked the court to approve the settlement agreement. In its order ruling on Plaintiffs' motion for reconsideration, the district court stated that the sanctions order did not relieve Defendant of its obligations under the settlement agreement. The district court also denied Plaintiffs' request to set the matter for trial or to approve the settlement agreement, finding that Defendants "paid Plaintiffs' counsel the proportionate share of the settlement for Plaintiffs A.B. and N.W. and Plaintiffs' counsel provided those funds to the Guardians Ad Litem for Plaintiffs A.B. and N.W. over one year ago." Thus, the district court concluded that those Plaintiffs "have been paid what they were owed pursuant to the parties' settlement agreement." The district court then dismissed A.B.'s and N.W.'s claims with prejudice.

The district court abused its discretion in denying the motion for reconsideration because its decision was based on a clearly erroneous determination of material fact—that "Defendants paid Plaintiffs' counsel the proportionate share of the settlement for Plaintiffs A.B. and N.W. and Plaintiffs' counsel provided those funds to the Guardians Ad Litem for Plaintiffs A.B. and N.W. over one year ago." As Plaintiffs argue on appeal, the record before the district court does not support this finding. Instead, the filings before the district court indicated that those "[f]unds were advanced by Plaintiffs['] counsel," and

4

nothing in the record suggests that Defendants paid the settlement amounts for A.B.'s and N.W.'s claims.  Thus, the district court's order denying the motion for reconsideration and dismissing A.B.'s and N.W.'s claims rests on a clearly erroneous finding of fact.  The district court denied the motion for reconsideration and declined to approve or enforce the parties' settlement agreement based, at least in part, on its erroneous conclusion that Defendants had paid the settlement amounts for the claims of the minor Plaintiffs A.B. and N.W.  Therefore, its erroneous factual finding is material.  *Casey*, 362 F.3d at 1257.

Accordingly, we vacate the district court's September 3, 2019 order to the extent that it declined to consider whether to approve or enforce the settlement agreement and dismissed A.B.'s and N.W.'s claims with prejudice, and we remand to the district court for further proceedings appropriate to the just resolution of this matter.[2]  We note that the "scope" of a district court's review of a settlement involving minors is limited to "the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of

---

[2] As a result of the court's erroneous finding that Defendants had paid the settlement amounts for the minor Plaintiffs' claims, Defendants obtained a dismissal with prejudice of these claims without paying the settlement amounts. Meanwhile, Plaintiffs' counsel effectively paid the settlement amounts twice— once when she advanced the settlement amounts to the minor Plaintiffs' guardians ad litem, and once in the form of sanctions placed in accounts for the minor Plaintiffs.  Because this result was based on an erroneous finding of fact, it does not appear to be the result the court intended.

the case, the minor's specific claim, and recovery in similar cases." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181–82 (9th Cir. 2011).

**2.** Although we have some concerns regarding the procedures surrounding the district court's order imposing sanctions on Plaintiffs' counsel, *see Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir. 2005), Plaintiffs did not challenge those procedures in the district court or in this court. Indeed, Plaintiffs' opening brief explicitly eschewed any claim that the sanctions order was improper, asserting that Plaintiffs "do[] not argue to have [the] sanctions overturned." We do not decide issues that the parties have not presented. *See United States v. Sineneng-Smith*, ___ U.S. ___, 140 S. Ct. 1575, 1579 (2020) (explaining that courts must follow "the principle of party presentation" and thus normally decide only questions presented by the parties).

**3.** Finally, while Plaintiffs do challenge the sanctions order to the extent that it directed that the sanctions be paid to A.B. and N.W., an attorney sanctioned under the court's inherent authority may be required to pay the sanction to his or her own client. *See Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) (distinguishing the court's inherent authority to impose sanctions from its power to sanction under Rule 11, which may only be paid to the court or the opposing party). Thus, we reject this argument.

**VACATED IN PART AND REMANDED.**